[Civ. No. 8723.   Third Dist.   Mar. 8, 1956.]

W. P. SMIDT, Respondent, v. A. E. OVERHOLTZER, Appellant.

Howard B. Crittenden for Appellant.

Dilley & Eymann and George E. Dilley for Respondent.

PEEK, J.—By his complaint plaintiff sought recovery for the alleged conversion of certain machinery and compensatory as well as exemplary damages.   Defendant, by his cross-

complaint, also claimed conversion of the same equipment as well as one additional item, and likewise claimed both compensatory and exemplary damages. Further damages were sought for injuries to electrical wiring on defendant's property. The court found in favor of plaintiff, and defendant appeals. It is his contention that there was no proof of conversion, and he further contends that the written disclaimer and waiver of any rights to the property in question was obtained by duress and undue influence and that the machinery was affixed to and hence a part of his real property. We find no merit in such contentions and conclude that the judgment must be sustained.

The record shows that the defendant was the owner of certain real property upon which was constructed a lumber remanufacturing plant in which certain machinery had been installed for such operation. The corporation to which he had leased the property had plaintiff install the machinery here in question. Plaintiff's original ownership was admitted by defendant when, in answer to a question addressed to him by the court, he stated that he knew the corporation was leasing the same from the plaintiff. The corporation went into bankruptcy shortly after it took possession, and the plant was shut down. During that proceeding both of the parties herein claimed the particular machinery as their own. Defendant was represented by his present counsel and the plaintiff by Mr. Golis. During a hearing in the bankruptcy proceeding the defendant told Attorney Golis that he did not ''claim ownership of this planer but he did so on the advice of his counsel,'' and at the conclusion thereof he informed plaintiff that he did not want the machinery in question left on the property. But when plaintiff went to the premises to take the machinery following the conclusion of the bankruptcy proceeding, he was informed by defendant he did not want him trespassing on his property. However, that same afternoon, defendant requested Attorney Golis to prepare for his signature a disclaimer of interest in the machinery. By the terms of that agreement, defendant disclaimed any interest in the machinery in question; granted plaintiff, as the owner thereof, permission to go upon the premises and remove his property; granted plaintiff the right to allow the same to remain on those premises for the consideration of $5.00 per month rental; and gave plaintiff seven days after notice to remove the same. At the time the agreement was executed defendant stated that he had no interest in

the machinery and did not want to have any trouble regarding the same. Both of the parties testified that a few days thereafter defendant telephoned plaintiff requesting him to remove the property from defendant's premises, and that a few days later when defendant saw plaintiff at the plant, he asked him why he had not complied with the request. Somewhat later plaintiff moved some of the equipment out of defendant's building and into the open, but still on defendant's property. At the time such equipment was moved, the electrical connections to one item had been broken by persons unknown and it was only necessary to remove one bolt holding it in place. Defendant was present at the time workmen were so removing equipment from the plant and made no assertion of ownership. Approximately a week thereafter defendant moved some of the machinery back into the plant, and while endeavoring to move a heavy motor, he caused it to be damaged. While defendant was moving the equipment back into the plant, he informed a witness that he was doing so because plaintiff ''was owing him something and he was taking the motor for it.'' Some time prior to the trial plaintiff had come to defendant's premises and removed some of the machinery and had possession of the same at that time.

▇ We are in complete agreement with the trial court that from the evidence there can be no doubt as to the conversion of the two motors by defendant. He knew the corporation was leasing them from plaintiff. He waived all right to them. He recognized plaintiff's ownership when he ordered him to remove them and then he changed his position entirely and claimed them as his own. (*Gruber* v. *Pacific States Sav. & Loan Co.*, 13 Cal.2d 144 [88 P.2d 137].) At the time of trial one motor was still in defendant's possession, the larger one having been recovered by plaintiff but in a damaged condition, and hence he would be considered, as the trial court held, to have received the same ''in mitigation of damages.''

▇ As to the second point raised by the defendant, that the written disclaimer and waiver of rights by him was obtained by duress and undue influence, we again refer to the comment of the trial court in its memorandum opinion which finds substantial support in the evidence, that the defendant himself sought out Attorney Golis and requested the instrument to be drawn; that the treatment of the defendant by both Golis and the plaintiff at all pertinent times affecting

the execution of the document, was eminently fair and in no way amounted to any form of overreaching.

Defendant's final contention is equally unfounded. The record amply supports the conclusion that it was the understanding of all parties concerned that when the machinery was installed it should remain personalty and continue to be the property of plaintiff. Furthermore the subsequent disclaimer by defendant confirmed the original intention of the parties. (*Nead* v. *Specimen Min. Co.*, 52 Cal. App.2d 475, 481 [126 P.2d 450].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied April 2, 1956, and appellant's petition for a hearing by the Supreme Court was denied May 2, 1956.